## William Von Boeckmann, Appellee, v. Corn Products Refining Company, Appellant.

1. APPEAL AND ERROR, § 1238*—*when defendant estopped to claim error in hearing evidence on demurrer.* A defendant who makes a motion for leave to withdraw rejoinders to special pleas and for leave to refile demurrer to a replication, and to require plaintiff to make proof of matters contained in the replication, is estopped on appeal to claim any error in hearing evidence on the demurrer.

2. PLEADING—*when hearing of evidence on demurrer proper.* The hearing of evidence on a demurrer to replication to special pleas, *held* proper.

3. PLEADING, § 183*—*when special demurrer necessary.* Where special pleas confess that the plaintiff in a personal injury action has sustained injuries and seek to avoid liability by pleading new matter, a special demurrer is necessary to point out formal defects.

4. PLEADING, § 211*—*when demurrer not carried back to defective declaration.* A demurrer should be carried back to the first defective pleading, but a demurrer to a plea or replication cannot be carried back to a defective declaration when the plea of general issue has been filed.

5. APPEAL AND ERROR, § 198*—*when cause involving constitutional question transferred to Supreme Court.* Where, under the pleadings, in an action by an employee for personal injuries, it is necessary for the Appellate Court to pass upon the constitutionality of the Workmen's Compensation Act, the case will be transferred to the Supreme Court, as the Appellate Court has no jurisdiction of constitutional questions.

Appeal from the Circuit Court of Tazewell county; the Hon. JOHN M. NIEHAUS, Judge, presiding. Heard in this court at the April term, 1915. Transferred to Supreme Court. Opinion filed October 13, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Page, Hunter, Page & Dallwig and Calhoun, Lyford & Sheean, for appellant.

Jesse Black, Jr., and James P. St. Cerny, for appellee.

Mr. Justice Thompson delivered the opinion of the court.

This is an action in case brought by appellee against appellant to recover damages for an injury sustained by him while in the employ of appellant. The declaration consists of an original and four additional counts. It is averred in each count that appellant, a corporation, on May 11, 1913, was operating a factory in Tazewell county, Illinois, for the manufacture of starch and other products; that in the starch house of said factory were various shaftings, cog wheels, pulleys, belts, boxings and gearings driven by electric motor power; that appellee was employed in said starch house working under the direction of appellant; that there were certain machines known as reels where appellee was employed; that said reels were fed from the floor above by a six-inch pipe, which brought wet products to said reels; that when in operation moisture and water from said pipe fell on the floor whereby the floor where appellee was required to work became wet and slippery; that at the head end of each reel was a bevel gearing composed of a sixteen-inch beveled wheel which meshed with a beveled gearing on the reel shaft one foot from the reel; that said feed spouts came into said reels in a slanting position over and two feet above said gearings; that the damp products in the feed pipe would sometimes choke it; that it was the duty of appellee when said pipes choked to hammer on said pipes, and in hammering on said pipes it was necessary to extend the arm over the shaft and gearing; that on May 11, 1913, while appellee was attending to his duty as directed by appellant, using due care for his own safe-

96     Appellate Courts of Illinois.

Von Boeckmann v. Corn Products Refining Co., 201 Ill. App. 94.

ty, a certain feed pipe began to choke, whereupon appellee began to strike said feed pipe, when his clothing was caught in said bevel gearing and appellee was drawn into and between said gearings and permanently injured; that before said time said bevel gearing was unguarded, unfenced and unprotected, and was highly dangerous to employees near said reels; that it was the duty of appellant, as provided by statute, to properly inclose, fence or otherwise protect said gearings so as to prevent injury to appellee while working around said reels. The first count further avers that appellant "wilfully and intentionally neglected to inclose, fence, guard or otherwise protect said bevel gearings whereby," etc. In the first additional count the negligence to guard said gearings is averred as simple negligence. In the second additional count it is averred that it was practical to guard said gearings and that in violation of the statute appellant wilfully, recklessly, etc., omitted, etc. The third and fourth additional counts are very similar to the second.

Appellant filed a plea of the general issue and two special pleas. The special pleas aver that at the time the alleged injuries were sustained, appellant and appellee were operating and working under the Workmen's Compensation Act of 1911 (J. & A. ¶ 5449 et seq.). Appellant filed three replications to the special plea. The first replication avers that the Compensation Act of 1911 was not passed in the proper manner, in that the bill and the amendments thereto were not printed before the vote was taken in the General Assembly of the State of Illinois on the final passage of said bill, and said statute is void and was never in force. The second and third replications aver in detail that the act was not passed as required by the Constitution of the State. Appellee filed a general demurrer to the replications to the special pleas. On motion of plaintiff the demurrer was stricken from the

files.   Rejoinders were then filed to the replications, on which issues were joined.

Afterwards defendant moved the court for leave to withdraw the rejoinders to the special pleas and for leave to refile the demurrer to the replications "and that the court will require proof by plaintiff of the matters and things contained in said replications of plaintiff before passing on said demurrer, and after plaintiff has adduced his proof under said replications that the court will take into account the said proof together with the said replications in passing upon said demurrer." This motion was sustained. Thereupon the rejoinders were withdrawn and the demurrer to the replications was refiled and the plaintiff introduced in evidence certified copies of the journals of the legislature bearing on the passage of the act. Whereon the court overruled the demurrer to said replications and the appellant elected to stand by its demurrer. The evidence offered in the hearing on the demurrer is preserved by a bill of exceptions.

The case was then tried before a jury on the declaration and the plea of the general issue, resulting in a verdict for $10,000 in favor of appellee, on which judgment was rendered.

It is contended that the court erred in overruling the demurrer to the replications to the special pleas. The demurrer was overruled after evidence was heard on the motion of appellant on the facts involved in the passage of the act. The hearing of evidence on a demurrer is very unusual, but there is authority for such procedure. 6 Encyc. of Pl. & Pr. 297. The party upon whose motion the demurrer was heard in that manner is estopped from taking any advantage of it, even if it was irregular, as a party may not take advantage of error induced by himself. While the hearing was on a demurrer, the evidence was heard on a question, which it was the province of the court to pass upon. The hearing was the same on the demurrer before the

98    APPELLATE COURTS OF ILLINOIS.

Von.Boeckmann v. Corn Products Refining Co., 201 Ill. App. 94.

court as on an issue of fact found on a matter proper for the court to decide.

The appellee contends (1) that the averments of the declaration and each count take the cause of action out of the provisions of the Compensation Act under the proviso of section 3 of that Act (J. & A. ¶ 5451), in that the omission to guard the machinery was intentional; and (2) that the pleas were bad in that they are neither in bar nor do they confess and avoid the cause of action declared upon, and therefore the demurrer should have been carried back to the pleas.

The special pleas confess that appellee has sustained injuries and seek to avoid liability by pleading new matter. If there is any defect in the pleas it is a matter of form only, and a special demurrer would be required to point out the defect.

Section 3 of the Act is: "No common law or statutory right to recover damages for injury or death sustained by any employee while engaged in the line of his duty as such employee other than the compensation herein provided, shall be available to any employee who has accepted the provisions of this act, or to any one wholly or partly dependent upon him or legally responsible for his estate: Provided, that when the injury to the employee was caused by the intentional omission of the employer, to comply with the statutory safety regulations, nothing in this act shall affect the civil liability of the employer. If the employer is a partnership, such omission must be that of one of the partners thereof, and if a corporation, that of any elective officer thereof." The declaration avers that appellant is a corporation. The first count avers "the defendant, in violation of the statute, wilfully and intentionally neglected to inclose, fence, guard," etc. The remaining counts aver that defendant negligently or wilfully, recklessly, negligently, etc. No count avers that the intentional omission of the employer was that of an elective officer of the corporation, and only the

first count avers *intentional* omission of appellant.  If the statute is a valid statute, and the omission to guard said gearings was not the intentional act of an elective officer, then appellee is remitted to his remedy under the Compensation Act, for the reason that appellant had not filed any notice with the Bureau of State Labor Statistics that it elected not to provide and pay compensation according to the provisions of the statute, and appellee did not within thirty days after entering the employment of appellant file a notice to the contrary with the Secretary of the State Bureau of Labor Statistics.   There is no evidence in the case tending to show the omission to guard said machinery was the intentional act of any elective officer of appellant, and there is no attempt in four of the counts of the declaration to plead any facts which would reserve to appellee his common law or statutory right to recover damages at law.   A demurrer should be carried back to the first defective pleading, but a demurrer to a plea or replication cannot be carried back to a defective declaration, when the plea of the general issue has been filed.   6 Encyc. of Pl. & Pr. 332, and Illinois cases cited.

Appellee further contends that ''there is no evidence in the Senate Journal of any kind that the original bill as amended in the House was printed in the Senate before its passage by the Senate and that it was upon this showing that the court overruled the demurrer to the replication which alleged that the Compensation Act of 1911 was not in force and effect.''   The burden was on appellee to show that the law was invalid.

If the right of appellant to recover at law depended solely upon whether appellant intentionally omitted to guard the machinery, this court would have jurisdiction to dispose of the case on appeal.

The appellant contends that it did not intentionally omit to guard the machinery, and that the only remedy appellee is entitled to is the compensation allowed un-

der the Workmen's Compensation Act. Under the Act of 1911, if the parties cannot agree on any question of law or fact, then the question in dispute can only be settled by a board of arbitrators under section 10 of the Act (J. & A. ¶ 5459), which appellee contends was not properly passed and is invalid. Four of the counts do not attempt to plead any fact which takes the case out of the provisions of the Compensation Act. The validity of the act must therefore be passed upon on this appeal, and jurisdiction to pass on that question is in the Supreme Court alone, if the statute involved is either the foundation of some right asserted or some defense made. *Illinois Cent. R. Co. v. Chicago & G. W. R. Co.*, 246 Ill. 620. The question of the validity of the statute is argued by both parties, appellant insisting it is valid because the Supreme Court has held it valid in three cases, and appellee insisting it is invalid on a ground never before presented to the Supreme Court. We are of the opinion that the validity of the act is involved, and that this court has not jurisdiction of the cause. It is therefore transferred to the Supreme Court.

*Transferred to Supreme Court.*